**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| NOBLE TORNELLO FONTAINE PIERCE EL-BEY, | ) ) ) | |
| Plaintiff, *pro se*, | ) ) | **MEMORANDUM OPINION, ORDER AND** |
| v. | ) ) | **RECOMMENDATION** |
| CITY OF GREENSBORO, CITY OF GREENSBORO POLICE DEPARTMENT, HAROLD THOMAS JARRELL, M.A. WILLIAMS, T.G. WALCHER, AND E.A. CROZIER, | ) ) ) ) ) ) | 1:10CV572 |
| Defendants. | ) | |

This matter is before the court on various motions by the parties. Defendants City of Greensboro, City of Greensboro Police Department, T.G. Walcher, and E.A. Crozier have filed a Motion to Dismiss (docket no. 5) and a Motion for Sanctions against Plaintiff (docket no. 13). Defendants Harold Thomas Jarrell and M.A. Williams filed a Motion to Dismiss (docket no. 8), a second Motion to Quash (docket no. 20), and a second Motion for Protective Order (docket no. 22). Plaintiff filed a Motion for Summary Judgment (docket no. 28), to which all Defendants have responded (docket nos. 30 & 31), and the Plaintiff has filed a Reply (docket no. 32).

The parties have responded in opposition to all of the aforementioned motions; or the time to do so has expired; and, in this respect, the matter is ripe for disposition. Furthermore, the parties have not consented to the jurisdiction of the magistrate judge; therefore, all dispositive motions must be addressed by

recommendation.  For the following reasons, it will be recommended that the court dismiss all of Plaintiff's claims and enter a pre-filing injunction against Plaintiff.

## I.    Background

Pro se Plaintiff Noble Tornello Fontaine Pierce El-Bey identifies himself as an "Ab-original Indigenous People."  He is a frequent and enthusiastic litigator in the federal court system.[1]  In his pro se complaint, Plaintiff filed a lawsuit against numerous Defendants arising out of a traffic stop in Greensboro on April 22, 2010. Plaintiff's complaint is largely incoherent, but his allegations can be summarized as follows: he was stopped by two Greensboro Police Officers (T.G. Walcher and E.A. Crozier), refused to comply with their orders, and was then taken into custody. (Compl. ¶¶ 13 & 17.)  Plaintiff alleges that he had a Muur's license plate on his automobile and that he had a Diplomat or Right to Travel identification card.  (Compl. ¶¶ 5, 6, 7 & 14.)  Walcher and Crozier booked Plaintiff and charged him with various criminal offenses including resisting arrest.  (Compl. ¶ 17.)  Plaintiff alleges that the police towed his automobile and took his Muur's tag and identification.  (Compl. ¶ 15.)

---

[1]  Plaintiff is among a group of individuals, sometimes referred to as "sovereign citizens."  They often append the words "El," "Ali," or "Bey" to their last names to signify their claimed Moorish ancestry.  These individuals claim to be immune from all state and federal laws by virtue of their supposed identities as descendants of indigenous peoples and for other equally absurd reasons.  By now, the path of these litigants is well-traveled; and courts have repeatedly rejected their claims as frivolous.  This is simply yet another lawsuit by one of these alleged "sovereign citizens," and it should be dismissed in short order.

Based on the above factual allegations, Plaintiff filed this federal complaint, in which he purports to allege a plethora of state and federal claims against the various Defendants.[2]  A large percentage of Plaintiff's complaint is identical to his previous filings in this court, including many of the allegations, counts, and parts of the request for relief.

## II.    Standard of Review

In ruling on a motion to dismiss for failure to state a claim, it must be recalled that the purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the action.  *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C. 1995).  At this stage of the litigation, a plaintiff's well-pleaded allegations are taken as true; and the complaint, including all reasonable inferences therefrom, are liberally construed in the plaintiff's favor.  *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996).

The duty of fair notice under Rule 8(a), however, requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  As the Supreme Court has instructed, although detailed facts are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and

---

[2]  Ironically, persons who identify themselves as "sovereign citizens," claiming that they are not subject to state or federal or laws, routinely argue that they are at the same time protected by these very laws, particularly the U.S. Constitution.

3

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citation omitted). *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (clarifying *Twombly*). With these principles in mind, the court now turns to the motion to dismiss.

### III.   Analysis

A cursory review of the pleadings reveals that this lawsuit is no more than yet another baseless, frivolous, and vexatious lawsuit by Plaintiff arising out of a traffic stop in which Plaintiff was cited for driving without a license and/or driving with an expired registration. This is but one of a multitude of frivolous lawsuits that Plaintiff has filed in this court. For instance, on May 16, 2010, Plaintiff filed a lawsuit in this court arising out of a traffic stop in which a Greensboro police officer stopped Plaintiff around March 9, 2010, for displaying an expired registration on a vehicle Plaintiff was driving in Greensboro, North Carolina. The court dismissed that lawsuit as frivolous. (*See* Order, 1:10cv291 (M.D.N.C. Sept. 12, 2011.)) On September 10, 2009, Plaintiff filed a lawsuit against the North Carolina Department of Health and Human Services and "Social Service/Sub Agency" related to defendants' alleged attempt to collect child support payments from Plaintiff. The court dismissed that lawsuit as frivolous. (*See* Order, 1:09cv693 (M.D.N.C. Aug. 19, 2010.))

On September 30, 2009, Plaintiff filed a lawsuit against the "North Carolina Board of Nursing" based on allegations related to alleged suspension of his nursing license. (1:09cv753.) The court dismissed that lawsuit as frivolous. (*See* Order,

1:09cv753 (M.D.N.C. Aug. 19, 2010.)) On May 24, 2011, Plaintiff filed a lawsuit against numerous defendants, including the City of Thomasville, arising out of a traffic stop on May 3, 2011. (1:11cv413, M.D.N.C.) That matter is pending.

Finally, Plaintiff has also filed in this court numerous lawsuits arising out of his mortgage debt. (*See Pierce v. Wells Fargo Bank*, 1:06-cv-00755, Order, docket no. 19) (listing lawsuits). Each and every one of those lawsuits has been dismissed. Furthermore, this court has already entered a pre-filing injunction against Plaintiff, enjoining Plaintiff from bringing any lawsuits arising out of his mortgage debt. (*Id.*).

The undersigned declines to engage in a lengthy analysis of Plaintiff's claims in this lawsuit because Plaintiff has already wasted too much of this court's scarce time and resources. The undersigned is thoroughly satisfied that, as with all of Plaintiff's other frivolous lawsuits, this lawsuit should also be dismissed as frivolous. This and other courts have already stated, *ad nauseam*, that Plaintiff and other individuals like him have no rights arising out of various United Nations declarations and centuries-old treaties with foreign countries. *See El-Bey v. North Carolina Bd. of Nursing*, Case No. 1:09cv753, 2009 WL 5220166 (M.D.N.C. Dec. 31, 2009). Despite his contention to the contrary, Plaintiff is *not* immune to the laws of the States and the United States. Plaintiff is not special. Just like any other person who is driving a car in North Carolina, he must have a valid driver's license and current registration. Plaintiff's ridiculous claim that he is a member of some fanciful, ancient tribe of Moors does not change that.

Finally, given that Plaintiff is apparently unwilling to voluntarily cease his repetitious litigation, the time has now come to put his abuse of the federal judicial system to rest. "Courts have the authority to protect defendants from the harassment of frivolous and vexatious lawsuits, and to protect themselves from having to process frivolous and repetitive papers." *Armstrong v. Koury Corp.*, 16 F. Supp. 2d 616, 620 (M.D.N.C. 1998). In addition, "[t]he court is given substantial discretion to craft appropriate sanctions, and an injunction from filing any further actions is an appropriate sanction to curb groundless, repetitive, and frivolous suits." *Id.*

The undersigned recommends that Plaintiff be placed under a pre-filing injunction requiring him to obtain leave of court before filing any further civil actions. This procedure has been used with regard to other abusive civil litigants, and would serve here to cease the drain on scarce judicial resources imposed by Plaintiff's voluminous and repetitive filings. The imposition of such an injunction would also serve to protect Defendants, and those in similar positions, from having to respond to baseless and harassing litigation in the future.

To this end, it is recommended that the court:

(1) Enjoin Plaintiff, or anyone acting on his behalf, from filing any new action or proceeding in any Federal District Court without first obtaining leave of that court;

(2) Enjoin Plaintiff from filing any further papers in any Federal District Court without first obtaining leave of that court by submitting copies of his complaints in all of the civil cases he has filed, including this complaint, and orders of the courts dealing with those complaints.

Moreover, Plaintiff must include in all his filings in any Federal District Court a copy of this Recommendation and the order of the court adopting this Recommendation.

(3)  Last of all, the clerk of the court should be directed to notify other Federal District Courts of the order of the court adopting this Recommendation that this pre-filing injunction has been issued and is extant until it is removed by order of this court.  In addition, the clerk of the court should be directed to mail copies of this Recommendation and the order adopting the Recommendation to the clerk of the Guilford County Superior Court, and the clerks of court for the Eastern District of North Carolina and the Western District of North Carolina.

## IV.    Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that all of Plaintiff's claims be dismissed as to all Defendants.  To this extent, Defendants' motions to dismiss (docket nos. 5, 8.) should be **GRANTED**.   Furthermore, Plaintiff's motion for summary judgment (docket no. 28) and his motion for issuance of letters rogatory (docket no. 29) should both be **DENIED**.  The motion to quash and the motion for protective order by defendants Jarrell and Williams (docket no. 20, 22) are both **GRANTED**.  Plaintiff's motion for subpoena (docket no. 16) is **DENIED**.

Moreover, **IT IS FURTHER RECOMMENDED THAT PLAINTIFF BE ENJOINED** from filing any lawsuits, motions, or additional papers unless he first seeks and obtains leave from a United States District Court of competent jurisdiction, as specified above.  To the extent that the undersigned is recommending entry of a pre-filing injunction against Plaintiff, Defendants' motion for sanctions (docket no. 13) should be **GRANTED**.

Finally, if this Recommendation is adopted, the Clerk of Court is instructed to terminate any and all pending motions in this matter and to close the case.

_____
WALLACE W. DIXON
United States Magistrate Judge

September 21, 2011